412 APPELLATE COURTS OF ILLINOIS.

Zickgraff v. Chicago Fraternal Life Ass'n, 246 Ill. App. 412.

## Annie Zickgraff and Francis A. Zickgraff, by Annie Zickgraff, Appellees, v. Chicago Fraternal Life Association, formerly known as Columbian Circle, Appellant.

### Gen. No. 31,714.

1. FRATERNAL BENEFICIARY ASSOCIATIONS—*right to forfeit certificate for noncompliance with by-laws.* In an action by the beneficiaries to collect death benefits on a certificate of a fraternal association, on the ground of the member's seven years' absence without being heard from, the association is not precluded from defending on the ground that the certificate was forfeited before said seven years by the member's failing to comply with its by-laws forfeiting a certificate for a year's failure to report a change of address, merely because it accepted monthly dues from the beneficiaries after the year.

2. FRATERNAL BENEFICIARY ASSOCIATIONS—*rights of beneficiary after forfeiture of certificate.* Beneficiaries have no vested rights in the contract of a member with his fraternal association and can claim none after the member's rights have been forfeited for his failure during a year to report a change of address as required in association by-laws even though their action for death benefits is not begun until seven years after his disappearance during which he has not been heard of.

3. FRATERNAL BENEFICIARY ASSOCIATIONS—*effect of paying dues on forfeited certificate.* The payment of dues by beneficiaries on a certificate which had been forfeited because of the member's failing to report a change of address for a year, as required by the by-laws, gives the beneficiaries no right to claim death benefits thereafter on the ground that the member had been absent seven years without being heard from.

Appeal by defendant from the Municipal Court of Chicago; the Hon. JOHN H. LYLE, Judge, presiding. Heard in the second division of this court for the first district at the March term, 1927. Reversed. Opinion filed November 15, 1927. Rehearing denied November 28, 1927.

GEORGE C. GEIER, for appellant.

GOOD, CHILDS, BOBB & WESCOTT, for appellees; WALTER E. BEEBE and F. M. HARTMAN, of counsel.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

This is an action to recover on a benefit certificate issued by the Supreme Council, Catholic Knights & Ladies of America, a fraternal order, on the life of one Frank M. Zickgraff, for $2,000, which was issued July 5, 1917, in lieu of another certificate previously issued by said order and then in force. The liability of defendant is predicated on the presumption of the death of said Frank Zickgraff, he having disappeared and not having been heard from for seven years prior to the commencement of the suit on March 5, 1925.

The case was tried before the court without a jury, which made a finding and rendered a judgment against defendant for the amount of the certificate.

The controlling facts are uncontroverted. Frank M. Zickgraff left Chicago about September 15, 1916. The last heard or known of him was about Christmas, 1917. In the meantime and up to the merger of the Catholic Knights & Ladies into the Columbian Circle, June 19, 1919 (now existing and known under the name of Chicago Fraternal Life Association), his assessments were paid by his mother, Mrs. Annie Zickgraff, one of the beneficiaries, as was permitted under the rules and by-laws of the Catholic Knights & Ladies order aforesaid. Under the terms of the merger the Columbian Circle assumed the contracts of the Catholic Knights & Ladies order, subject, however, as stated in the merger or consolidation agreement, "to the laws, rules and usages of the Columbian Circle, as now in force, or as they may hereafter be amended."

At the time of the merger the following by-law of the Columbian Circle, known as section 378, was in existence and in force:

" 'Disappearance.' Any member of the society who shall remove or disappear from his home or last known place of residence and remain away for a period of one year and who shall not report to the collector of

414     APPELLATE COURTS OF ILLINOIS.

Zickgraff v. Chicago Fraternal Life Ass'n, 246 Ill. App. 412.

his branch his location or place of residence with full post office address shall thereby forfeit his membership in the society, and his benefit certificate shall *ipso facto* become null and void.

"Section 379. When member absent one year. No Beneficiary or other person shall have the right to pay the assessments or dues or any other indebtedness of a member who has been absent from his last known place of residence for one year and whose location or place of residence is unknown to the collector of his branch, and the collector shall refuse to receive such member's assessments or dues or any other indebtedness and shall report such member to the Supreme Secretary as suspended from the society, together with the last known place of residence."

No question arises as to the regular standing of the assured in the Catholic Knights and Ladies order at the time of the merger. As before stated the rules of that order permitted another to pay the assessments of one who had disappeared, and without regard to the rules of the Columbian Circle his mother continued after the merger to make regular monthly payments to one Hayes, the same person who had collected and received them before the merger, who knew of Zickgraff's disappearance and who as associate supreme secretary of the Columbian Circle, was authorized to and did receive such payments for the Columbian Circle, including $4.47 paid for the month of May, 1920, but without the personal knowledge of Hein, the supreme secretary, that Zickgraff had disappeared. When knowledge of that fact was brought to the latter's attention he directed the return of the May payment and Hayes sent a check of "Hayes & Co." for that amount to Mrs. Zickgraff who still holds and has never cashed the same. She tendered the assessment for June, 1920, to Hein, the supreme secretary, but he refused to receive it on the ground that it was in violation of said by-law of the Columbian Circle, and by its terms said certificate was *ipso facto* forfeited.

While he suggested to Mrs. Zickgraff that the matter of a return of her payments or a portion thereof could be taken up with the supreme body of the order and he would assist her to that end, no formal tender has been made to Mrs. Zickgraff of the payments so made by her, and she has made no further tender of payments on the certificate claiming it was unnecessary after defendant refused to accept the June payment. In her statement of claim she alleges that she was ready, able and willing to continue making such payments but no proof was made of her ability so to do.

Plaintiffs' theory of liability is that defendant by receiving such payments after the merger through an agent authorized to collect the same who had knowledge of Zickgraff's disappearance, waived the by-law in question. In our view of the case we need not discuss the contention, for assuming there was such a waiver we are of the opinion that it would have operated as an estoppel only in case of the death of the assured before defendant attempted to enforce its by-law. At that time the assured was presumptively alive and therefore no right of action on the certificate had accrued. No right of action could accrue under plaintiffs' theory of the case until over four years thereafter when presumption of the assured's death would arise. Before that time his contract was subject to a change of by-laws or their enforcement, even though they had been temporarily suspended or disregarded. Defendant was not thereby precluded or estopped from a future enforcement of them. Such a right was contemplated by the contract with the fraternal order that issued the benefit certificate, and defendant's assumption of that contract was expressly made subject to its own by-laws, not only as they then existed but as they might thereafter be changed or amended. Suppose there had been no such by-law of the Columbian Circle when it received said payments, could it not under the terms of the contract have made such a by-law at the time it saw fit to enforce it, and would

not the rights of the assured have been subject there-to? And if so, could it not enforce the by-law already in existence, as it undertook to do, against the member with whom the contract was made and who was then presumptively alive?

In this view of the case authorities cited in the briefs have no application. The beneficaries having no vested rights in the contract can claim none under the certificate other than what belonged to the assured at the time defendant enforced the by-law to which his contract was subject, and his were forfeited. Whatever their rights may be to the money or a portion thereof paid to defendant is aside from the question at issue in this case. The real and decisive question is whether or not defendant was precluded by an alleged temporary waiver of said by-law from subsequently enforcing it against a presumptively living member whose contract contemplated the right to enforce it. We do not think there was any such estoppel and therefore the judgment will be reversed.

*Reversed.*

GRIDLEY and SCANLAN, JJ., concur.